Mr. Ali, are you there? I am here. Okay, well that's great, that'll keep us right on track and we will proceed with Talavera-Turja v. Garland, case number 16-72598 and Mr. Ali, you may proceed for the petitioner. Good afternoon, ladies and gentlemen, your honors, may it please the court. I'd like to begin speaking about the first issue which involves the issue about the petitioner's membership in a particular social group. First of all, with regards to the findings that the immigration judge or the BIA did not find that the petitioner did not belong to a particular social group, I want to point out that as a victim of domestic violence and by finding her past persecution and fear of future persecution was not insufficient, I would submit to the court that she was in fact properly classified as someone from a particular social group as being someone who actually was a victim of a particular social group and that being someone of domestic violence. The second issue that I would like to address with the court is the issue of the finding of the fear of future harm being sufficient in this particular case. I would submit to the court that the fear that Ms. Talavera, the petitioner, faced with regards to her being a victim of someone who was a particular social group was sufficient to find that there was past torture inflicted upon the petitioner. Am I wrong in thinking that the only issue before us in this case is the adverse credibility determination? Well, I think that I would know, Your Honor, you would not be. I think the adverse credibility determination is one of the issues and I would believe that Your Honor is right that the adverse credibility determination is the primary issue that is before the court. Well, the reason I ask is that you've been discussing issues that I don't think the BIA ever reached and if the BIA didn't reach them, we're not in a position to review those issues, even if the IJ addressed them. And so I read that BIA's decision is resting only on the adverse credibility determination. So that's what I'm kind of waiting for you to get to. Your Honor, with the issue of her adverse determination, that adverse determination finding, as stated in the moving documents, that the inconsistency should not be viewed in isolation but should be considered in light of all the evidence that was actually presented. I think that the narrow focus of the Board of Immigration of Appeals as it related to the adverse credibility finding wasn't improper and not sufficient with regards to finding the adverse credibility finding. I believe that an applicant's testimony, as stated here and under Lopez v. Riaz, that an applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application. And I think that when someone actually puts certain facts or certain issues that are in the asylum application and there is actually testimony that may be details that are different than those that are actually in the application, I don't think that a case should be limited just to the issues that are in the application. But I also believe that the court, just because the person includes additional facts at the actual hearing as opposed to those that are just simply stated in the application, does not mean necessarily that there are inconsistencies. There could be additional facts or additional facts and statements that could be stated in the actual hearing, but that does not necessarily mean that there are actually inconsistencies. If I may interrupt, one of the adverse credibility findings was that the petitioner couldn't recall the dates of her marriage and divorce. Those are generally important dates that people remember. So why isn't that enough for the IJ to find an adverse credibility determination based on that? Well, I think that when you look at the totality of the of the actual case, I think that those are simply things that someone could actually not necessarily recall. I mean, things such as someone's date of marriages, those sort of things just simply could be something that someone could just forget or not really remember. I don't think they really necessarily go to the heart of the actual torture or the heart of the actual the harm that was suffered by the petitioner. Those are just not to say that they're not important issues and things that simply, you know, people, a person you would suspect that they would actually remember. However, in light of someone who has actually been a victim of domestic violence, it would not be and someone who has actually suffered severe harm. I believe that it wouldn't be unusual or a finding of a lack of credibility because someone did not remember those particular issues. Counsel, we have to review it. We have to review the finding and say that there's no way that that could serve as a basis for an adverse credibility finding. So what is it about the testimony? What are you are you saying that it was inconsistent testimony, but it shouldn't have been used to make an adverse credibility finding? Are you saying that it wasn't actually inconsistent testimony? Well, I think that I don't believe that it's necessarily inconsistent. I think that inconsistent would necessarily be if someone doesn't recall something or can't remember something or make simple mistakes about particular days. I don't believe that that's necessarily inconsistent from from a perspective of finding an adverse credibility finding. Again, I mean, when you're talking about the the minor issues of particular dates, when you're when you're actually having a testimony from someone who has actually been harmed, such as a petitioner in this particular case, it would not be unusual for someone to just forget something as simple as a particular day. So, no, I don't necessarily I don't believe that for the purposes of credibility. I do not believe that those types of issues would be would rise to the level of being inconsistent. And I believe, again, when we talk about the totality of of the testimony, I believe when we if you look at the testimony in its totality, those things are are minor issues, but not, again, rise to that particular level. I think that she was I think the the testimony regarding the the the basis, the primary basis of the harm that she suffered, I think, was was sufficient. And then when you have an immigration judge who finds inconsistencies on those particular bases, I don't believe that the determination of the lack of credibility was not proper in light of the totality of everything that was stated by the petitioner. And do you want to do you want to reserve some time for rebuttal? You have a little over a minute left. Yes, you are. OK, please. All right. Miss Lees. May I please the court. My name is Kitty Lees and I am appearing on behalf of the attorney general. The court should deny the petition for review because petitioner has not shown that the record compels a virtual reversal of the agency's denial of our applications for withholding of removal and protection under the Convention Against Torture. So can this counsel can I can I ask because I know you we do have a pretty lenient standard on whether it compels an alternative finding. But I was more interested here on whether there's actually inconsistent statements. I thought we'd hear a little bit more about that from the petitioner. But I'd like you to address what was actually inconsistent, because the first thing that the BIA seemed to deal with was, well, first she described Geronimo as the father of her child, but later said it was actually my husband. Those aren't necessarily inconsistent statements. So help me understand what was inconsistent about that. So I would after since the board's decision, this court has clarified the difference between an inconsistency and an omission. And I would say that her testimony regarding her marital status that came out later and redirect was an omission of that. She was married to Geronimo that she could have stated during her direct testimony and put on her asylum application. And that omission is material in nature because she said that her particular social group was a married victim of domestic violence. And so that would place her as a member of that particular social group. Her marital status also is indicative of whether she would be able to relocate safely away from harm, be able to leave that relationship. The legal ties that binds her to Geronimo are stronger, whether or not she's married or whether or not he was her child. As to that, when you're not arguing inconsistency and I didn't. Is this a new argument you're coming up with? Because I didn't read this in the brief that this was not an inconsistency, but rather an omission. Right. In the opening brief, it was framed or the answer you could find it kind of both ways that it was an inconsistency and an omission. And I would say that it is definitely more of an omission than an inconsistency. OK, what about the vague testimony regarding, I guess, the cousin's death? That doesn't seem to be an inconsistency. What what what is it? What bucket does that fit within? Well, this court has said that vague assertions and giving few details in the merits hearing can support an adverse credibility determination and trust. And so that when the immigration judge found that her testimony was vague in nature, it was in the totality of the circumstances. It is something appropriate for her to consider in making her adverse credibility finding. Well, I can understand that if it's if you're vague about details that you should know about because it's something that happened to you. This, on the other hand, was something that happened, I think, to her cousin after she had already made it to the United States. So it's something that's happening in another country and that she's just hearing about, I think, through her parents. So it seems to me far more probable that if she doesn't have further details, it's just because she doesn't know them. I don't see what basis the IJ had for inferring that she was, you know, somehow making this up because she didn't know more about this incident that just didn't involve her. Well, Your Honor, her answer to all the questions were they harmed him, they killed him. She couldn't make the ties between whether how the Zetas were, how Geronimo was a part of the Zetas. She was trying to make the tie in her testimony that he was murdered because of Geronimo. But when pressed on that, she wasn't able to say specifically how she knew that. She just used the words they over and over again to say who afflicted the harm to her cousin and her family members. She was also vague about and unable to answer questions about her when she got married and when that the marriage ended as well. Okay, but fine, that's a basis perhaps for not giving greater weight to this information she's relaying. Again, it's secondhand because she wasn't there. She's just repeating, I guess, what she heard from her parents. I don't see how that's a basis for finding someone not credible. Maybe their testimony is not persuasive because they don't have, in the IJ's view, sufficient details to back up the assumption that it was in fact the Zetas. But how does it speak to credibility? Well, when considering the totality of the circumstances of her evasive nature in other places in her testimony and her inability to explain more, as well as the lack of corroborating documentation to support that assertion that she knew who killed him, when considering the totality of the circumstances, substantial evidence supports that finding. Let me ask you a question, if I may, just about the lack of corroboration. I read our cases as saying that we cannot uphold an adverse credibility determination based in part on that ground unless the IJ gave the petitioner an opportunity to basically come forward with the corroboration that the IJ thought was needed. That was not done here. So what's your response to that argument? So in Wang versus Sessions, if the immigration judge finds that the petitioner lacks credibility in the case and substantial evidence supports that determination, they don't need to give them an opportunity to find corroboration or notice of that corroboration that is needed. Additionally, the petitioner doesn't argue that she wasn't given that opportunity in this case either. Okay, but if we don't find either of the two grounds that the BIA relied upon persuasive, then it is clear under a case's right that we can't then turn to the lack of corroboration. Correct, yeah. The immigration judge's decision in this case was hinged on the credibility. So if this court found that substantial evidence did not support that credibility determination, then the corroboration finding on its own wouldn't be sufficient. The threats made to the family, where does that fit in? Would you put that in the same camp as the vague testimony regarding the cousin's death and that the IJ was capable of making a determination that there should have been more specifics given and there weren't? Is that basically your position? Yes, that is our position. It was a very similar line of questioning, and she gave a very similar vague answer. It's about they threatened my family. They left a letter without really giving more information about how she knew that that was tied to her honor. What's your best case for why that would be enough in these circumstances? Well, in Shrestha, it says when an applicant supplies only vague assertion and gives few details at the merits hearing, the finding can support an adverse credibility determination. Also, have Iman versus Barr. It says there that the vague testimony to form the basis for an adverse credibility determination, the agency has to refer to specific instances in the record, which the immigration judge did here. She talked about the threats that happened to the family. She talked about her cousin's murder. So those would be the two cases that we would rely upon. Did the BIA incorporate all of the IJ's reasoning? Was that done in this case, or was the BIA just relied on, I think, just a couple of narrow things? Meaning the IJ's record was more fulsome, but the BIA only relied on a couple of those instances. Is that correct? With reference to the credibility finding or other findings? Yeah, I'm speaking of the credibility finding. Yes, the immigration judge's decision kind of lumped the corroboration, the rehabilitation of corroboration and the adverse credibility finding together into one. The BIA included all of those findings that saw the corroboration as not rehabilitating her testimony rather than incorporated within the overall analysis of credibility. But the findings of fact, I believe, are all contained. The immigration judge's findings are all contained within the board's discussion as well. I'm looking at the BIA's decision, and there's really just one sentence that addresses the testimony about the petitioner's husband. And it is just framed in terms of the testimony being inconsistent, that's the word that the BIA uses, with the way she identifies him in her asylum application. Are we permitted now, in light of your, you seem to have moved away from the notion that this was an inconsistency and you're trying to defend it on the basis of an omission. Are we permitted to do that in light of the way the BIA has framed it? I believe we are permitted, Your Honor. In Iman, the court clarified what the difference was between an inconsistency and an omission. And even though it was framed as an inconsistency in that case, the court said it was more of an omission. And I believe that that clarification could be made here as well. I see I'm out of time. If there's no further question, I would ask the court to deny the petition for review because the totality of circumstances supports that adverse credibility information. Thank you. Thank you. Mr. Ali, you have a minute 39 for rebuttal. I think you might be on mute. Sorry about that. I just kind of wanted to address a couple of things. One is the issue we heard a lot of statements regarding the issue of vagueness. And it's not really an issue of really a vagueness. I think that more they were the focus that seemed to have been were on omissions, things that were not necessarily said. For example, there was a reliance on the whole idea that, you know, like the declarations, things that were kept out of the declaration. Although I believe that they relied on or made statements about declarations and letters that ultimately I don't even believe that the court even considered. But they focus some on those issues. So clearly I believe that this is an issue of the fact that these were omissions. And again, that omissions are not enough to necessarily rise to a level. It sounds like omissions are enough. And maybe one of the questions is whether it was properly considered as such by the BIA. And what's your response to the Iman case that seems to say that even though the BIA labels it as an inconsistency, that we can treat that as an omission and that that could still support an adverse credibility finding? Well, I think that that's what the BIA may have said in their in their decision. However, when we look at actually what as your justices stated, actually what was stated in the actual testimony, it wasn't really the omissions that the that was at issue. It was more or less an issue of they didn't think that there were things that were and it does an omission, I guess. And how do I articulate the whole idea of an omission? It's an omission from the perspective of the maybe something that she didn't didn't put into a declaration that maybe she should have. That is not an inconsistency. That's not the issue of credibility or inconsistencies. That's just an issue of maybe could be considered by the BIA as it goes to the merits of the case. But but something that wasn't placed in the declaration or something that wasn't placed in the application, I think that is clear that that does not necessarily rise to a level of inconsistencies. So I think that that's really what's happening in this case. I think that the immigration judge kind of it seems rushed and the BIA kind of co-signed the whole idea of Russian to assuming that, like, for example, the declarations that were not properly, properly translated to English, those sort of things. So I don't think that that that they were the court was proper and find an adverse credibility in this case. And I would ask that the that your honors grant the petitioners petition. OK. Thank you. Thank you to both counsel for your arguments in this case. And the case is now submitted.
judges: WATFORD, NELSON, LEE